## A94A1989. HOUSING AUTHORITY OF COLUMBUS v. JACKSON.
### (453 SE2d 60)

BLACKBURN, Judge.

The appellant, the Housing Authority of Columbus, Georgia (the Housing Authority), brought the instant dispossessory action against appellee Shirlena Jackson based upon Jackson's failure to pay rent for the month of February 1994. Within seven days after she was served with the summons pursuant to OCGA § 44-7-51, Jackson tendered to the Housing authority payment of all rents due plus the cost of the dispossessory proceeding, but the Housing Authority refused to accept the tender. The trial court denied the Housing Authority's writ of possession, concluding that the tender was a complete defense to the action pursuant to OCGA § 44-7-52. This appeal followed.

In its sole enumeration of error, the Housing Authority asserts that the trial court erred in its interpretation of OCGA § 44-7-52. We agree and reverse the decision of the trial court.

OCGA § 44-7-52 provides that "[i]n an action for nonpayment of rent, the tenant shall be allowed to tender to the landlord, within seven days of the day the tenant was served with the summons pursuant to Code Section 44-7-51, all rents allegedly owed plus the cost of the dispossessory warrant. Such a tender shall be a complete defense to the action; provided, however, that a landlord is required to accept such a tender from any individual tenant *after the issuance of a dispossessory summons only once in any 12 month period*." (Emphasis supplied.) On June 30, 1993, the Housing Authority had a dispossessory warrant issued against Jackson and sought possession of the apartment unit leased to her for her failure to pay rent for the month of June. Jackson tendered payment of rent and the cost of the proceeding before she was served with the summons in the action but after a summons had been issued. The tender was accepted by the Housing Authority. The fact that Jackson was not served in the prior proceeding before she tendered payment is not dispositive.

Under OCGA § 44-7-52, a landlord is only required to accept a tender of rent and cost once in a 12-month period *after the issuance of a dispossessory summons*. The present action involved the second dispossessory warrant issued within a 12-month period and the second tender of rent and cost after the issuance of a summons. Therefore, the Housing Authority was not required to accept Jackson's tender of her February 1994, rent, and such tender was not a complete defense to this proceeding. Accordingly, the trial court erred in denying the Housing Authority's writ of possession based upon Jackson's tender of rent and cost in this action.

*Judgment reversed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED DECEMBER 7, 1994 —
RECONSIDERATION DENIED JANUARY 12, 1995 —

*Page & Scrantom, James C. Clark, Jr.,* for appellant.
*Kevin R. Palley, Kay Y. Young, Chandra L. Wilson, Paul E. Kauffmann, Lisa J. Krisher,* for appellee.